## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JAMES VAUGHN, )<br>  Petitioner, )<br>v. )<br>  )<br>RON WARD, )<br>  Respondent. ) | Case No. CIV-05-714-F |

### REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing *pro se*, filed this action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [Doc. #1]. Respondent has filed a Response [Doc. #9] and seeks dismissal of the Petition on the ground that Petitioner has not exhausted available state remedies. Petitioner has been given the opportunity to reply, *see* Order [Doc. #10], but he has not done so within the time period permitted. Therefore, the matter is at issue. For the reasons set forth below, it is recommended that the Petition be dismissed without prejudice to refiling for failure to exhaust state remedies.

**I.   Background**

Petitioner is an inmate in the custody of the Oklahoma Department of Corrections (ODOC) and currently is incarcerated at Great Plains Correctional Facility (GPCF). Petitioner challenges the result of a prison disciplinary hearing held on March 24, 2005. Petitioner was found guilty of Menacing. *See* Petition, Exhibit D, Disciplinary Hearing Report. As a result of his conviction, Petitioner was placed in disciplinary segregation for a period of 20 days, lost 120 earned credits and was reassigned to Level 1 for 60 days. *See id*. *See also* Petition at 2, ¶ 3. Petitioner's conviction was affirmed by the facility head on

April 8, 2005. *See* Petition, Exhibit B, Offender Misconduct Appeal Form, Due Process Review.  Petitioner appealed his conviction to the Director's Designee, Debbie L. Morton. On May 16, 2005, she denied the appeal, concurring with the decision of the facility head. *See id*., Exhibit C, Response from Director or Designee.  Pursuant to ODOC procedures, Petitioner's disciplinary conviction became final on that date.  *See* ODOC Inmate Disciplinary Procedures, OP-060125, ¶V(B)(3).[1]

## II.     Petitioner's Claims for Habeas Relief

Petitioner challenges his disciplinary conviction on the ground that it was obtained in violation of the Due Process Clause of the United States Constitution. According to Petitioner, he was not provided adequate notice, no evidence supported the conviction and the hearing officer failed to make a reliability determination as to confidential informant testimony.  He also contends that the ODOC's Disciplinary Hearing Guide (*see* Petition, Exhibit I) is unconstitutional, specifically challenging the procedure which provides: "It is not necessary to read any evidence or the offense report into taped record."  *Id*., ¶ 9.

As noted, Respondent has not addressed the merits of Petitioner's claims.  Instead, Respondent moves to dismiss the Petition on the ground that Petitioner has failed to exhaust available state remedies.  In support of dismissal, Respondent relies upon a newly enacted Oklahoma statute, Okla. Stat. tit. 57, § 564.1, which became effective on May 10, 2005.

---

[1]The Court takes judicial notice of the ODOC Disciplinary Procedures, available at www.doc.state.ok.us.

**III. <u>Analysis</u>**

A state prisoner who alleges a violation of his due process rights in the context of a prison disciplinary proceeding, and challenges the execution of his sentence pursuant to 28 U.S.C. § 2241, is required to exhaust available state remedies prior to filing a federal habeas petition. *See Hamm v. Saffle*, 300 F.3d 1213, 1216 (10th Cir. 2002). "The exhaustion of state remedies includes both administrative and state court remedies." *Id.*

Interpreting then-current Oklahoma law, the Tenth Circuit has held that where, as here, immediate release is not at issue, an Oklahoma prisoner challenging a prison disciplinary conviction on due process grounds has no available state remedy and, therefore, exhaustion is not required. *See Gamble v. Calbone*, 375 F.3d 1021, 1027 (10th Cir. 2004) ("We continue to follow our ruling in *Wallace* [*v. Cody*, 951 F.2d 1170 (10th Cir. 1991] that there is no state-exhaustion requirement for Oklahoma inmates challenging the merits of a disciplinary board revocation of earned credits where the inmate is seeking only speedier, and not immediate, release.").

Subsequent to *Gamble*, the Oklahoma Legislature enacted Okla. Stat. tit. 57, § 564.1, which became effective on May 10, 2005. Section 564.1 expressly provides for judicial review in Oklahoma state courts for prison disciplinary proceedings that result in the revocation of earned credits.[2] Citing section 564.1, Respondent seeks dismissal of the

---

[2]Section 564.1 provides:
A. In those instances of prison disciplinary proceedings that result in the revocation of earned credits, the prisoner, after exhausting administrative remedies, may seek judicial review in the district court of the official residence of the Department of Corrections. To be considered by the court, the inmate shall meet the following requirements:

(continued...)

Petition because Petitioner has not sought judicial review of his disciplinary conviction in state court.

Petitioner's disciplinary conviction became final on May 16, 2005, six days after the effective date of section 564.1. Petitioner has not alleged any facts demonstrating his compliance with section 564.1. He filed the instant action on June 22, 2005, within the 90-

---

[2](...continued)
    1. The petition shall be filed within ninety (90) days of the date the petitioner is notified of the final Department of Corrections decision in the Department disciplinary appeal process.
    2. The petition shall only name the Department of Corrections as the respondent and service shall be in accordance with the rules for service under the laws of this state.
    3. The petition shall be limited to the review of only one disciplinary report and no other pleading is allowed other than the petition and the answer.
    4. The court shall not consider any pleadings from any intervening parties and shall not stay the Department disciplinary process during the review of the misconduct hearing.
B. The answer of the Department shall be filed within thirty (30) days of receipt of the petition unless the court orders a special report upon motion by one party or upon its own motion.
C. The petition shall assert that due process was not provided and prove which element of due process, relevant only to a prison administrative disciplinary proceeding, was not provided by the prison staff.
D. The court shall only determine whether due process was provided by the revoking authority. In determining whether due process was provided, the court shall determine:
    1. Whether written notice of the charge was provided to the inmate;
    2. Whether the inmate had a minimum of twenty-four (24) hours to prepare after notice of the charge;
    3. Whether the inmate was provided an opportunity for a hearing by a prison employee not involved in bringing the charge;
    4. Whether the inmate had the opportunity to present relevant documentary evidence;
    5. Whether the inmate had the opportunity to call witnesses when doing so would not be hazardous to institutional safety or burden correctional goals;
    6. Whether the inmate was provided a written statement as to the evidence relied on and the reasons for the discipline imposed; and
    7. Whether any evidence existed in the record upon which the hearing officer could base a finding of guilt.
E. The judicial review as provided in this section shall not be an independent assessment of the credibility of any witness or a weighing of the evidence, and there shall be no right to an error free proceeding or to confront accusers. The only remedy to be provided, if the court finds due process was not provided, is an order to the Department to provide due process.
F. There shall be no recovery allowed for costs and fees, providing that frivolous petitions are subject to the sanctions provided by the laws of this state.
G. Either party aggrieved by the final order of the district court on a petition for judicial review may only appeal the order to the Oklahoma Court of Criminal Appeals as set forth in the rules of such Court.

day time period. Therefore, at the time he filed the Petition, he had an available state court remedy.[3] Because Petitioner failed to pursue the state court remedies available under section 564.1, he has failed to satisfy the exhaustion requirement for a habeas action brought pursuant to 28 U.S.C. § 2241. Accordingly, it is recommended that the Petition be dismissed for failure to exhaust state remedies. The dismissal should be without prejudice to refiling.[4]

### RECOMMENDATION

It is recommended that the Petition for Writ of Habeas Corpus be [Doc. #1] be dismissed without prejudice to refiling.

### NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any such objections must be filed with the Clerk of the District Court by November  14th , 2005. *See* LCvR72.1. The parties are further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

---

[3] To the extent Petitioner may contend he did not have notice of this new legislation, he clearly had notice once Respondent filed the Response and raised failure to exhaust pursuant to Okla. Stat. tit. 57, §564.1 as a basis for dismissal of the Petition. The Response was filed on July 29, 2005, also within the 90-day period.

[4] The 90-day period for seeking judicial review in the state district court has now expired. Petitioner did not file a reply to the Response and, therefore, has not articulated any reason why he should be excused from compliance with section 564.1. Significantly, section 564.1 does not contain any exception for extending the time limitation placed upon the filing of a state court action. It appears, therefore, that Petitioner may be procedurally barred from raising his federal habeas claims.

## **STATUS OF REFERRAL**

This Report and Recommendation terminates the referral [Doc. #4] by the District Judge in this matter.

ENTERED this ___24th___ day of October, 2005.

_____
VALERIE K. COUCH
UNITED STATES MAGISTRATE JUDGE